*766 OPINION.
Arundell:
The petitioner seeks to have included in its invested capital the full amount of premiums paid in on stock by its stockholders. The total amount so paid in prior to 1920 was $130,991.23, of which the respondent has allowed as “ commissions,” $54,697.60 for 1920 and $70,872 for 1921. Premiums received on the sale of capital stock constitute paid-in surplus and should be included in invested capital. First Bond & Mortage Co., 4 B. T. A. 600. However, where commissions are paid by a corporation for the sale of its stock the amount of the commissions must be deducted from the corporation’s earned surplus to the extent of such surplus. Simmons Co., 8 B. T. A. 631. In this case the amount of earned surplus at the beginning of each of the taxable years is stipulated, the amount for each year being less than the commissions paid. Accordingly, on recomputation, the premiums of $130,991.23 should be included in invested capital for each year instead of the lesser amounts allowed by respondent and which he allowed as “ commissions,” and there should be deducted the earned surplus of $15,849.66 at the beginning of 1920 and $27,583.06 at the beginning of 1921.
The Commissioner “asserts that he erred in not reducing invested capital bj^ the amounts of oversubscriptions to petitioner’s stock and by the amount of commissions paid.
We think there can be no doubt but that amounts paid in on over-subscriptions may not be included in invested capital. Such amounts were not received by the corporation for stock as it had no stock to issue for them. When oversubscriptions were received there was a liability on the part of the corporation to refund the amounts paid thereon, and if such amounts were used as capital they could amount to nothing more than borrowed capital which is excluded by the taxing statute from invested capital.
As to the other point raised by the respondent, it is settled by Simmons Co., supra, that commissions paid by a-corporation on the sale of its capital stock can never serve to increase invested capital. Cf. Blumberg Brothers Co., 12 B. T. A. 1021. The amounts of $54.-697.60 and $70,872 which were allowed by the respondent for the years 1920 and 1921, respectively, and which were a part of the premiums paid for stock, should accordingly be excluded from invested capital on recomputation.

Judgment will be entered under Rule SO.